1

2

3

4

5

6

7

8

9 **UNITED STATES DISTRICT COURT**

10 **SOUTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12 DEBORAH LYNN RIEGEL, | CASE NO: 15-CV-1342 W (MDD) |
| 13 Plaintiff, | **ORDER:** |
| 14 | |
| 15 v. | **(1) DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS* **[DOC. 2]; AND** |
| 16 | |
| 17 CAROLYN W. COLVIN, | **(2) DISMISSING COMPLAINT** |
| 18 Commissioner of the Social Security Administration | **WITHOUT PREJUDICE** |
| 19 | |
| 20 | |
| 21 Defendant. | |

22      On June 18, 2015, Plaintiff Deborah Lynn Riegel ("Plaintiff") commenced this

23 action against Carolyn W. Colvin, Acting Commissioner of Social Security, for judicial

24 review of a final administrative decision denying disability benefits. (*See Compl.* [Doc. 1].)

25 Along with the Complaint, Plaintiff also filed a motion to proceed *in forma pauperis*

26 ("IFP"). (*See IFP Mot.* [Doc. 2].) For the reasons outlined below, the Court **DENIES**

27 Plaintiff's IFP motion and **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE**.

28 *//*

- 1 -                                                              15cv1342w

1    The determination of indigency falls within the district court's discretion.  Cal.

2  Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506

3  U.S. 194 (1993) ("[28 U.S.C. §] 1915 typically requires the reviewing court to exercise

4  its sound discretion in determining whether the affiant has satisfied the statute's

5  requirement of indigency.").  It is well settled that a party need not be completely

6  destitute to proceed IFP.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331,

7  339–40 (1948); see also Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995) ("[T]he

8  filing fee, while discretionary, should not take the prisoner's last dollar.").  Rather, to

9  satisfy the requirements of 28 U.S.C. § 1915(a), an affidavit need only state that one

10 cannot "because of his poverty pay or give security for the costs . . . and still be able to

11 provide himself and dependents with the necessities of life."  Adkins, 335 U.S. at 339

12 (internal quotation marks omitted).  At the same time, however, the court must "assure

13 that federal funds are not squandered to underwrite, at public expense, . . . the

14 remonstrances of a suitor who is financially able, in whole or in material part, to pull his

15 own oar."  Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984).

16    District courts therefore tend to reject IFP applications where the applicant can

17 pay the filing fee with acceptable sacrifice to other expenses.  See, e.g., Olivares, 59 F.3d

18 at 112 (district court did not abuse discretion in requiring partial fee payment from

19 prisoner who consistently spent $35 a month on "comforts" such as candy and name

20 brand toiletries from the prison commissary); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D.

21 Pa. 1982) (IFP application denied because "plaintiff possessed savings of $450 and the

22 magistrate correctly determined that this amount was more than sufficient to allow the

23 plaintiff to pay the filing fee in this action").  Moreover, "*in forma pauperis* status may be

24 acquired and lost during the course of litigation."  Wilson v. Dir. of Div. of Adult Insts.,

25 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citation omitted); see also Allen v.

26 Kelly, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who

27 was initially permitted to proceed *in forma pauperis* should be required to pay his $120

28 filing fee out of a $900 settlement).  Furthermore, the facts as to the affiant's poverty

- 2 -                                              15cv1342w

1    must be stated "with some  particularity, definiteness, and certainty."  United States v.

2    McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

3         Having read and considered Plaintiff's application, the Court finds that Plaintiff

4    fails to meet the requirements set out in 28 U.S.C. § 1915 for IFP status.  Plaintiff is

5    currently employed; her take-home wages amount to $575 each month.  (IFP Mot. ¶ 2.)

6    She also lists her husband's disability income, which amounts to $1,300 per month.  (Id.

7    ¶ 3.)  Plaintiff does not have a checking or savings account, nor does she own any real

8    estate, stocks, bonds, or securities.  (Id. ¶¶ 4–5, 7.)  Plaintiff and her husband do,

9    however, own two vehicles: a 2004 Toyota Matrix and a 2005 Ford Focus.  (Id. ¶ 6.)  The

10   current value of the vehicles is not stated in Plaintiff's motion, but it appears that

11   Plaintiff and her husband own the vehicles outright.  (See id.)  Plaintiff does not list any

12   dependents.  (Id. ¶ 6–8.)  Furthermore, with regard to expenses, Plaintiff's motion lists

13   monthly expenses totaling $1,705.  Specifically, Plaintiff states that she allocates her

14   household income toward the following expenses and in the following amounts: $830

15   for rent; $180 for utilities; $70 for car insurance; $200 for car maintenance and fuel;

16   $400 for groceries; and $25 for laundry.

17        Based on the details given by Plaintiff, she has a net-positive monthly household

18   source of money of approximately $170.  In addition, the details provided in Plaintiff's

19   motion indicate that Plaintiff's monthly household income places her above the 2015

20   poverty threshold.[1]  Therefore, as it stands, the Court cannot conclude that paying the

21   court filing fees would impair Plaintiff's ability to obtain the necessities of life.  See

22   Adkins, 335 U.S. at 339.  Furthermore, Plaintiff and her husband also appear to own

23   two vehicles.  In the absence of more detailed information regarding the value of the

24

25

26   [1] According to the figures supplied by Plaintiff, her annual household income amounts
     to $22,500.  According to the poverty guidelines promulgated by the United States Department
27   of Health and Human Services, the poverty threshold for two-person households in the forty-
     eight contiguous states is $15,930.  See United States Department of Health and Human
28   Services, 2015 Poverty Guidelines, http://aspe.hhs.gov/poverty/15poverty.cfm (last visited August
     3, 2015).

1  vehicles, the Court cannot conclude that Plaintiff, because of her poverty, is unable to

2  give security for the cost of filing her Complaint and still be able to provide herself and

3  her husband with the necessities of life.  See id.; see also Azzun v. Kan. Dep't of Health

4  and Env't, 2009 WL 5171778 (D. Kans. Dec. 22, 2009) (citing cases for the dual

5  propositions that "[a] court may consider [an] applicant's assets, not merely his or her

6  income, in determining the applicant's ability to pay the filing fee," and that "[f]ederal

7  courts have historically looked to assets, such as equity in real estate, in determining

8  eligibility to proceed *in forma pauperis*").

9          In light of the foregoing, the Court **DENIES** Plaintiff's motion to proceed IFP

10  (Doc. 2), and **DISMISSES** the Complaint **WITHOUT PREJUDICE** .  Pursuant to this

11  order, Plaintiff is granted 30 days' leave to pay the filing fee required to maintain this

12  action pursuant to 28 U.S.C. § 1914, or to submit additional documentation regarding

13  her  financial  status.    **IF  PLAINTIFF  CHOOSES  TO  FILE  ADDITIONAL**

14  **INFORMATION REGARDING HER POVERTY, SHE MUST ATTACH A COPY**

15  **OF THIS ORDER.**  Additionally, Plaintiff is reminded that an IFP application is made

16  under penalty of perjury, and any false statements may result in dismissal of her claims,

17  imprisonment of not more than five years, or a fine.  See 18 U.S.C. §§ 1621, 3571.

18

19          **IT IS SO ORDERED.**

20

21  DATED:  August 4, 2015

22

23  Hon. Thomas J. Whelan
    United States District Judge

24

25

26

27

28